UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EVAN G. HUBERT,<br><br>      Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC.,<br><br>      Defendant. | CIVIL COMPLAINT<br><br><br>CASE NO. 3:18-cv-01970<br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EVAN G. HUBERT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HUNTER WARFIELD, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Dallas, Texas, which lies within the Northern District of Texas.

5. Defendant provides revenue recovery services[1] from its headquarters located at 4620 Woodland Corporate Boulevard, Tampa, Florida. Defendant engages in collection activity throughout the country, including in Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Defendant began collecting upon an alleged delinquent consumer account ("subject debt") said to be owed by Plaintiff.

9. On July 16, 2018, Plaintiff visited Defendant's website in an effort to make a payment toward the subject debt.

10. Plaintiff submitted a payment for $105.70, but upon doing so, Defendant's website alerted Plaintiff that the payment was not successful due to a processing error.

11. As a result, Plaintiff re-submitted payment for $105.70, which was successfully processed.

---

[1] http://ww2.hunterwarfield.com/about.aspx

2

12. Upon accessing his bank account, Plaintiff noticed that Defendant had deducted both payments, as well as two processing charges owed to "Lucent Pay," for $9.95 each.

13. Plaintiff contacted Defendant that same day and informed Defendant's representatives that Defendant deducted payment twice due to an error with its system.

14. Defendant's representatives notified Plaintiff that Defendant only received one payment.

15. On July 18, 2018, Plaintiff accessed his bank account again, and much to his dismay, both of the $105.70 payments were still deducted from his account, along with the two processing charges.

16. Plaintiff placed another phone call to Defendant, and upon speaking with Defendant's representatives, Plaintiff reiterated his concerns.

17. Defendant assured Plaintiff that its accounting department would speak with him to remedy the error.

18. To date, Defendant has not provided Plaintiff with any explanation as to the erroneous deductions from Plaintiff's bank account, despite Plaintiff leaving Defendant numerous voice messages requesting clarification.

19. Ultimately, Defendant deducted $115.65 from Plaintiff's bank account without Plaintiff's authorization, which has not been refunded.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt.  Defendant deducted an additional payment from Plaintiff, as well as a processing fee, which was not authorized by Plaintiff.  This erroneous payment was due to an error in Defendant's system, which caused Plaintiff to be charged an additional $115.65.  Defendant deceptively caused Plaintiff to be charged twice, and despite being informed of its error, Defendant did nothing to correct it, even though Defendant told Plaintiff that its accounting department would alleviate the mistake.  Defendant's statement proved to be false,

---

[2] http://www.acainternational.org/search#memberdirectory

4

as despite its assurance, Plaintiff never received any resolution from Defendant. Plaintiff even left Defendant numerous voice messages requesting clarification.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f when it unfairly and unconscionably caused Plaintiff to be charged $115.65 without his permission. Plaintiff notified Defendant of its faulty online payment system, but despite Defendant's pledges that its accounting department would resolve the issue, Plaintiff was still left with a deducted balance on his bank account. Moreover, Plaintiff called Defendant and informed it of the problem, and he also left Defendant a number of voice messages which Defendant unfairly ignored. These means employed by Defendant only served to worry and confuse Plaintiff.

31. As plead in paragraphs 19 through 20, Plaintiff suffered actual damages as a result of Defendant's conduct.

WHEREFORE, Plaintiff, EVAN G. HUBERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## **COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

35. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.303, prohibits a debt collector from "us[ing] unfair or unconscionable means" to collect upon a debt.

37. In addition, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), the TDCA further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendant violated the above-referenced portions of the TDCA through its unfair, false and deceptive attempts in collecting upon the subject debt. Defendant's problematic online payment system caused Plaintiff to be unfairly charged twice, including an additional processing fee. Plaintiff exhausted all of his efforts to correct Defendant's error, including contacting Defendant and leaving multiple voice messages requesting clarification. Even though Defendant falsely assured Plaintiff that its accounting department would alleviate his concerns, Plaintiff never received any resolution from Defendant.

WHEREFORE, Plaintiff, EVAN G. HUBERT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 30, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                        Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Texas              Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com